original

Dennis F. Gleason, Esq.
CARELLA, BYRNE, BAIN, GILFALLAN,
CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

Of Counsel (pending admission *pro hac vice*)
Anthony A. Froio, Esq.
Christopher P. Sullivan, Esq.
Jonathan D. Mutch, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue - Suite 1300
Boston, MA 02199-7610
(617) 267-2300

Attorneys for Plaintiff
**VELUX AMERICA, INC.**

RECEIVED-CLERK
U.S. DISTRICT COURT
2004 JAN 20 P 3:45

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VELUX AMERICA INC., Plaintiff, vs. BUILDING MATERIALS CORPORATION OF AMERICA, d/b/a GAF MATERIALS CORPORATION, Defendant. | C-04-221 (WJM) **COMPLAINT AND JURY DEMAND** |

By this Complaint, Plaintiff VELUX America Inc. seeks injunctive relief and damages for Defendant's violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) resulting from Defendant's false and deceptive advertising and disparaging misrepresentation of Plaintiff's products.

## PARTIES

1. Plaintiff, VELUX America Inc. ("VELUX" or "Plaintiff") is a corporation registered under the laws of South Carolina and maintains its principal place of business at 104 Ben Casey Road in Fort Mill, South Carolina.

2. Defendant Building Materials Corporation of America, doing business as GAF Materials Corporation (herein "GAF" or "Defendant") is registered under the laws of Delaware and maintains its principal place of business and world headquarters at 1361 Alps Road in Wayne, New Jersey.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the Plaintiff's federal statutory claims pursuant to 28 U.S.C. § 1331 and 1338(a) as it seeks relief under the federal trademark statute, the "Lanham Act."

4. This court also has subject matter jurisdiction over the state unfair competition claims under 28 U.S.C. § 1338(b) as the federal Lanham Act claims are substantial and the state law claims are related thereto. Jurisdiction is also appropriate as to the state law claims under 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over the Defendant as it maintains its principal place of business in this state and regularly and routinely transacts business in this state.

6. Venue is proper in this Court under 28 U.S.C. §1391(b) because the Defendant maintains its principal place of business in this judicial district.

## FACTS

7. VELUX is a leading manufacturer of skylights and roof windows in the United States. VELUX's products are widely known and respected for their quality by homeowners and by

those in the commercial and residential construction trade. VELUX's parent company is located in Copenhagen, Denmark.

8. Defendant identifies itself as the largest manufacturer of roofing products in North America, but does not itself manufacture skylights. Recently, Defendant desired to enter the skylight market by "partnering" with an existing skylight manufacturer.

9. In or about October of 2003, Defendant and VELUX discussed such an arrangement. However, VELUX rejected Defendant's business proposal.

10. Defendant found an alternate manufacturer to "partner" with. Upon information and belief, the Defendant now purchases and plans to resell skylights manufactured by a company based in Poland known as FAKRO under Defendant's "HeavenScape" tradename.

11. Unable to reach a business agreement with VELUX and unsatisfied simply to compete with VELUX in accordance with the law, Defendant instead has produced and distributed a color advertising brochure and a CD containing advertising videos entitled "Installation Video" and "Property Owner Video" that disparage VELUX skylights through false and deceptive comparisons with Defendant's "HeavenScape" product.

12. The advertising materials contain statements regarding specific product attributes that falsely and deceptively suggest to property owners and installers alike that VELUX products are inferior to Defendant's product, and that VELUX products are unsafe.

13. Defendant's advertising CD and brochure purport to compare Defendant's skylights to the "Leading Brand" skylights. [A copy of Defendant's CD is attached as Exhibit A and a copy of the brochure is Exhibit B].

14. Under the heading "Here's How they Compare . . ." the brochure lists nine specific product features and, employing two photographs for each feature (one of Defendant's skylight,

the other of a VELUX skylight) purports to show the superiority of Defendant's skylight for each. The "Leading Brand" skylight shown in each photograph of the brochure is a VELUX "FS" model skylight.

15. Defendant's videos also purport to make comparisons between Defendant's skylights and VELUX FS skylights, identified either as the "Leading Brand" or the "best selling, Danish skylights." The videos alternate between images of the Defendant's skylights and the VELUX FS skylights (which plainly show a large "VELUX" label on the glass surface). The videos superimpose both text and voiceovers falsely and deceptively claiming numerous defects and weaknesses attributed to the VELUX FS skylight.

16. On January 16, 2004, VELUX wrote to GAF detailing its concerns and objections with the content of the comparative advertisements, and requested that GAF refrain from the further use and distribution of the advertisements in their objectionable form. [A copy of VELUX's letter to GAF is attached as Exhibit C.]

17. Despite repeated demand by VELUX, Defendant has failed and refused to modify and/or discontinue its use and distribution of the advertisements at issue.

**False Statements**

18. Defendant's advertising materials contain numerous statements that are literally and demonstrably false.

19. Defendant's brochure, under "Encapsulated Weather Stripping?" falsely states that VELUX weather stripping is "loose (and often falls out during installation!)" and states that "HeavenScape is permanently sealed within the skylight . . ." In fact, the VELUX FS model skylight shown in the brochure uses a butyl rubber seal sandwiched behind the glass, making it impossible for it to "fall out" during installation or otherwise. The photograph simply shows

excess butyl glazing oozing from a joint – not weather stripping that is "falling out."

20. Defendant's videos claim that "wind uplift can be a concern because there is no solid clamping unit from the glass to the frame." In fact, the glass in the VELUX skylight shown in the video is solidly clamped to the frame. The VELUX skylight employs a strip of metal that runs over the glass and is screwed to the frame, thereby clamping the glass to the frame. Furthermore, wind uplift is not a common problem with any VELUX product or the FS model as suggested by the Defendant in the videos – all VELUX skylights are tested by third party organizations to ensure that they comply with applicable building codes.

21. Defendant's brochure, under "Insulation Behind Cladding," falsely states that Defendant's skylight is "fully insulated for extra protection" behind the perimeter cladding while the depicted VELUX FS model skylight has "no insulation." In fact, the Defendant's skylight as depicted contains only a few short inches of insulation at the cladding corners, lacks any insulation whatsoever at the bottom, side and top frame cladding, and are therefore not "fully insulated." Furthermore, Defendant's short strips of insulation at the corners provide no advantage as compared to VELUX, which has tight manufacturing tolerances (and small end-gaps) and require no corner insulation.

22. Defendant's videos falsely state that VELUX skylights are made from "laminated wood which hides inferior materials" and are prone to "delaminating." While it is true that VELUX skylights are made from laminated wood, it is literally false that this construction "hides inferior materials." Furthermore, Defendant's skylights are also made from laminated wood, a fact that is deceptively left unstated in the Defendant's advertising videos.

23. Defendant's brochure, under "Durable, Energy-Efficient Design?" falsely states that Defendant's frame is "93% thicker, for maximum durability." In fact, Defendant's frame is

barely 60% thicker than the particular VELUX FS model shown, and this provides no increased durability as compared to any VELUX product.

24. Defendant's videos falsely state that Defendant's "longer flashing" gives "added protection around the shingles." Similarly (under "Extra-Wide Flashing?") Defendant's brochure falsely states that Defendant's longer-length edge flashing provides "better protection against ice dams and heavy rains" then VELUX's shorter-length flashing. As to ice dams, all flashing is susceptible to ice dams regardless of its length – only an underlayment can prevent ice dams. Accordingly, the products are no different in this respect. Further, as to heavy rains, the shorter overlap (or "headlap") resulting from Defendant's longer (but fewer in number) flashing is actually more prone to water infiltration than is the VELUX design.

**Deceptive Statements**

25. Beyond the numerous and outright false statements of fact identified above, Defendant's advertising materials are replete with deceptive statements and implications as to material qualities of the product that will cause confusion among consumers.

26. First, Defendant's entire comparison is inherently deceptive because it compares Defendant's "premium" and standard 156 sized skylight, to a smaller, non-standard 106 sized VELUX FS model.

27. Defendant's videos deceptively state that the VELUX skylight employs a "[s]eal that is more prone to water penetration" than "the tough butyl" used in Defendant's skylight. In fact, both VELUX and Defendant's skylights use a butyl seal, and there is no material difference in this respect between the products.

28. Defendant's videos deceptively imply that the entire VELUX design is inherently prone to wind uplift due to its higher profile, suggesting a safety deficiency in the VELUX product. In

fact, the VELUX design meets all applicable building code standards and is not any more prone to wind uplift than Defendant's product.

29. Defendant's brochure (under "Simple Installation?") deceptively suggests that its installation method is superior because it employs screws instead of nailed-on clamps, and incorrectly suggests that the VELUX product has a "complicated installation process".

30. Defendant's "installation video" deceptively states that VELUX skylights require "extra framing and installation work" compared to Defendant's skylights. This statement is deceptive because the Defendant's installation video compares a standard-sized skylight offered by Defendant to a smaller-sized VELUX skylight, instead of the standard-sized VELUX skylight. In fact, *all* non-standard sized skylights require additional framing work; the standard-sized VELUX skylight requires no "extra framing and installation" work as compared to Defendant's skylight.

**COUNT ONE**
**Violation of 28 U.S.C. § 1125(a)**
**(False and Deceptive Advertising)**

31. VELUX incorporates by reference paragraphs 1 through 30 above as though they were set forth at length herein.

32. Defendant's color brochure and videos are comparative advertisements that purport to establish the superiority of Defendant's skylights over VELUX's skylights by reference to multiple, specific product attributes.

33. By and through Defendant's use of color brochures and videos, among other things, the Defendant has made literally false representations of fact regarding VELUX's skylights and also regarding Defendant's own skylights.

34. The Defendant has used, and intends to use, such commercial advertising material



Word 35012825.1

containing false and deceptive representations of fact in interstate commerce in connection with Defendant's goods.

35. The descriptions and representations contained in the Defendant's advertising materials described above contain materially false and misleading statements regarding the nature and quality of VELUX's skylights, and therefore Defendant's actions violate 28 U.S.C. § 1125(a).

36. Defendant's violations of 28 U.S.C. § 1125(a) are egregious, knowing and willful.

37. VELUX has suffered harm, and continues to suffer harm, in the form of monetary damages, lost profits and injury to its reputation as a result of Defendant's actions.

WHEREFORE, Plaintiff VELUX America Inc. hereby demands that the Court:

1. Issue an Order to Show Cause as to why a preliminary injunction should not be issued enjoining Defendant from any further use of its false and deceptive advertising materials, including the color brochure and two videos described above;
2. Following trial, issue a permanent injunction enjoining Defendant from any further use of its false and deceptive advertising materials, including the color brochure and two videos described above;
3. Enter an award of money against Defendant in favor of Plaintiff VELUX in an amount sufficient to compensate VELUX for its damages;
4. Enter an award of multiple damages against Defendant in favor of Plaintiff VELUX;
5. Award VELUX its reasonable attorneys fees in bringing and prosecuting this action; and

6. Enter any such other and further relief in favor of VELUX that the Court deems just.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Dated: January 20, 2004.

VELUX AMERICA INC.
By its attorneys,

Dennis F. Gleason (DG2231)
CARELLA, BYRNE, BAIN, GILFALLAN, CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, NJ 07068-1739
Tel: (973) 994-1700
Fax: (973) 994-1744

Of Counsel (pending admission *pro hac vice*):

Anthony A. Froio
Christopher P. Sullivan
Jonathan D. Mutch
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
111 Huntington Avenue - Suite 1300
Boston, MA 02119
Tel: (617) 267-2300
Fax: (617) 267-8288

**CERTIFICATION PURSUANT TO L. CIV. R. 11.1**

I certify that the subject matter now before this court is not part of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: January 20, 2004

Dennis F. Gleason



Word 35012825.1







# *"Bright And Beautiful... Protection You Can Trust"*

# Skylights

### *Why A Premium Skylight?*

- Adds natural light to the interior of your home
- Enhances architectural style
- Lowers lighting expense
- Can improve your property's value

HeavenScape™ Skylights are a perfect addition to any home and are designed to integrate with the GAF Weather Stopper® Roofing System—your best and safest choice for protecting against the harsh effects of Mother Nature.




**visit us at www.gaf.com**

*Which Skylight Would You Rather Have Protecting Your Home?*







*or*

The "Leading" Brand?



HeavenScape
PREMIUM SKYLIGHTS

# *Here's How They Compare...*

"Leading" Brand

## Solid Contact Within Deck?

Ours: **YES** Theirs: **No**


No Gaps, snug fit

Rather than sitting above the deck with open gaps, HeavenScape™ skylights mount snugly in the deck. Their special, embedded neoprene gasket leaves no gaps or cracks that can cause problematic and costly moisture or air leakage.


Open Gap

## Insulation Behind Cladding?

Ours: **YES** Theirs: **No**

Fully insulated

While the "Leading" Brand has just a decorative aluminum cladding, HeavenScape™ skylights are fully insulated for extra protection against outside air infiltration and to help prevent heat/cooling loss.


No insulation

## Encapsulated Weather Stripping?

Ours: **YES** Theirs: **No**

Encapsulated weatherstripping

While theirs is loose (and often falls out during installation!), HeavenScape™ is permanently sealed within the skylight to prevent air leakage – for years of energy-saving performance.


Loose weatherstripping

## Wide Condensation Gasket?

Ours: **YES** Theirs: **No**


Wide gasket

The "Leading" Brand has a thin condensation gasket, while HeavenScape skylight's wider gasket helps catch condensation and prevents moisture from dripping from the skylight.


Thin gasket (barely visible)

## Stained And Sealed Beauty?

Ours: **YES** Theirs: **No**


Factory-finished frame

With the "Leading" Brand, the work isn't done after installation—get out the paint brush! HeavenScape™ skylights are beautifully stained and factory-sealed for years of trouble-free performance (or, if you like, they can be painted to match your color scheme).


Bare wood frame

## Durable, Energy-Efficient Design?

Ours: **YES** Theirs: **No**


93% thicker frame

HeavenScape's frame is 93% thicker, for maximum durability. And, our profile is 31% lower because they mount in the deck (not on the deck). Our thicker frame and lower profile reduce energy loss to minimize your heating/cooling costs (and to look better on your roof!).


Thin frame

# *A Truly Superior Product...*

*(And Easier To Install!)*




**"Leading" Brand**

## Simple Installation?

Ours: **YES** Theirs: **No**


Just 6 wood screws to install

HeavenScape™ skylights are secured to the deck with six wood screws inserted though pre-drilled holes in the frame. The "Leading" Brand requires hammering clips into place, and then the skylight must be nailed into the deck.


Complicated installation process



## Bottom Apron Sealed To Shingles?

Ours: **YES** Theirs: **No**


Butyl rubber sealing strip

HeavenScape™ includes a butyl sealing strip that seals the bottom apron to the surrounding shingles. The "Leading" Brand has no sealing strip, so it "floats" above the shingles, leaving a path for wind-driven rain to enter.


No sealing strip

## Extra-Wide Flashing?

Ours: **YES** Theirs: **No**

Long, 12" step flashing



The "Leading" Brand's step flashing is only 9" long. HeavenScape™ skylights include 12" long aluminum step flashing, for better protection against ice dams and heavy rains—particularly with today's larger shingle designs.


Short, 9" step flashing

## *Installers Best Choice*

- **Saves Time...**No brackets needed for installation
- **Avoids Problems...**Template in package eliminates the need for precise measurement of roof deck
- **Reduces Hassles...**Flashing system included with the skylight, no need to track down additional flashing units
- **Easier Framing...**Unit sits deeper in roof, eliminating the need to add separate insulation.
- **More Robust Flashing...**Longer bottom apron and wider side flashing for extra protection
- **Quicker Setup...**Easier to remove skylight from package and easier to take cladding off prior to installation

## *Nom. Product Specifications*

| Type | Size (L x W) | Weight (lbs.) |
|---|---|---|
| Stationary | 24x46 | 62 |
| | 24x27 | 35 |
| | 24x38 | 47 |
| | 24x55 | 76 |
| | 32x55 | 76 |
| | 32x38 | 61 |
| | 32x46 | 72 |
| | 16x46 | 35 |
| | 24x70 | 90 |
| | 48x27 | 64 |
| | 48x46 | 97 |
| Venting | 24x46 | 64 |




GAF MATERIALS CORPORATION

***Quality You Can Trust Since 1886... from North America's Largest Roofing Manufacturer***

**visit us at www.gaf.com**

©2004 GAF Materials Corporation 01/04
RESHS100




Timothy B. Miller
President

GAF MATERIALS CORPORATION
Attn: Mr. William Collins, President & CEO
1361 Alps Road
Wayne, NJ 07470

| Your reference | Our reference | Date |
|---|---|---|
| | V-USA-35-24 | January 16, 2004 |

**RE: VELUX America Inc./GAF HEAVENSCAPE ™ SKYLIGHT ADVERTISING**

Dear Bill:

This letter shall confirm our telephone conversation today in which we discussed VELUX America Inc.'s objection and great surprise at the contents of GAF Materials Corporation's recent advertisements relative to its new skylight product known as HeavenScape. As per our conversation, you indicated that you had no knowledge whatsoever as to the advertisement materials to which I referred, that you would look into VELUX's concerns, and requested this letter from me detailing some of the specific concerns as to the objectionable, false, and misleading advertisement material.

VELUX® just recently reviewed a GAF compact disc relative to HeavenScape containing installation and product videos, brochures, and the like which overtly portray VELUX products and allegedly compare GAF's HeavenScape product to VELUX's. Regrettable, GAF's HeavenScape materials contain false and misleading statements, may also contain unsubstantiated representations, and in our opinion, violate state and federal laws.

Specifically, but among other things, GAF represents that the VELUX product depicted in the materials contain loose weather stripping, which allegedly falls out during installation. In fact, the actual depiction utilized by GAF on the VELUX product simply portrays oozing of excess glazing butyl material used between the joint at the glazing profiles. There is no possible way for the glazing material referenced and portrayed by GAF to fall out during the installation process. GAF also falsely alleges that the glass in the VELUX product is susceptible to wind uplift. All of the VELUX products are solidly mounted and tested by third party inspectors in

VELUX America Inc.

104 Ben Casey Road
Fort Mill, SC 29708

Telephone: (803) 396-5708
FAX: (864) 941-4870

Internet www.veluxusa.com

full compliance with building codes, which GAF fails to fairly portray or acknowledge anywhere in its ad. GAF states that VELUX utilizes laminated wood, and seemingly represents that its HeavenScape does not. Moreover, the videos included in GAF's materials shockingly superimpose several concerns and/or failures attributable to skylights in general onto a VELUX skylight. GAF's materials also intentionally and unfairly compare two products, which, in fact, are not comparable.

The foregoing are just some of the objectionable, false, and misleading statements and representations contained in GAF's materials. VELUX believes that this material violates state and federal law. Accordingly, we request that GAF immediately cease any further distribution of this material to the marketplace, including the use of any such material at the International Builders Show, which commences this coming Monday, January 19, 2004, in Las Vegas, NV. In addition, VELUX requests that you advise us as to the extent to which GAF has already disseminated such material to date, and what action in intends to take to cease all further distribution and reclaiming of material already distributed.

As we discussed, it is VELUX's intention to resolve this matter amicably and on a direct basis between principals. In view of Monday's trade show, please contact me today as to GAF's intentions in this regard. Unless we can resolve this matter quickly and amicably, VELUX will have no alternative but to refer this matter to legal counsel.

Please contact me as soon as possible at the number listed below, or via cell phone at (704) 201-2744. I look forward to hearing from you.

With kind regards,

Tim Miller

Timothy B. Miller
President

TBM/dd